959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Froilan CONTRERAS, Defendant-Appellant,
 No. 91-50282.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Froilan Contreras appeals his conviction, following a conditional guilty plea, for possession with intent to distribute approximately 1005 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Contreras contends that the district court erred by failing to suppress evidence seized from Contreras during a warrantless search in an airport. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mixed questions of law and fact in a motion to suppress evidence obtained from a warrantless search are reviewed de novo. United States v. Johnson, 820 F.2d 1065, 1072 (9th Cir.1987).
 
 
 4
 A screening search of the person or property of an airline passenger prior to boarding the aircraft "does not exceed constitutional limitations provided that the screening process is no more extensive nor intensive than necessary, in the light of current technology, to detect the presence of weapons or explosives, that it is confined in good faith to that purpose, and that potential passengers may avoid the search by electing not to fly." United States v. Davis, 482 F.2d 893, 913 (9th Cir.1973).
 
 
 5
 "[O]fficers may conduct a search for weapons during the limited detention authorized by Terry v. Ohio, 392 U.S. 1 (1968)." United States v. Sales, 879 F.2d 530, 535 (9th Cir.) cert. denied, 110 S.Ct. 507 (1989). The standard for justifying a frisk is "whether a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety or that of others was in danger." United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988). We determine whether there was a "founded suspicion for a pat-down search based on a totality of the circumstances." Salas, 879 F.2d at 535. If the officer "has reason to believe that the suspect is armed and dangerous, the officer may conduct a limited weapons search." Thomas, 863 F.2d at 628. We have extended the application of these principles to searches within airports. See e.g., United States v. Homburg, 546 F.2d 1350, 1353 (9th Cir.1976).
 
 
 6
 Here, Contreras walked through the airport metal detector four times, each time activating the detection alarm. Prior to proceeding through the fourth time, Screening Officer Pamela Hardy, stationed at the detector, told Contreras to remove his boots. When Contreras bent over to remove his boots, Officer Hardy noticed a flat square object on his back. As Contreras proceeded through the detector, Officer Hardy placed her hand on Contreras's back and felt the object, prompting Contreras to look at her in a manner that scared her. Officer Hardy then summoned her supervisor who in turn summoned two airport police officers. The police officers were told of Officer Hardy's observations before proceeding to conduct a pat-down search of Contreras.
 
 
 7
 It is clear that the screening search of Contreras using the metal detector did not violate his fourth amendment right to be free from unreasonable searches. See Davis, 482 F.2d at 913; see also United States v. Pulido-Baquerizo, 800 F.2d 899, 901-02 (9th Cir.1986). We also hold that the subsequent pat-down search of Contreras was reasonable because the totality of the circumstances was sufficient to give the police officers a founded suspicion that Contreras was harboring a weapon. See Salas, 879 F.2d at 535; Homburg, 546 F.2d at 1352-54. Accordingly, the district court did not err by denying Contreras' motion to suppress the evidence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3